FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Chad Edward Spiers #R2904          **COMPLAINT**

_____

_____

_____

(Enter above the full name of the plaintiff or plaintiffs and prisoner
number of each plaintiff in this action)

```
SOUTHERN DISTRICT OF MISSISSIPPI
        F I L E D
      MAY 3 1 2006
        J. T NOBLIN, CLERK
BY_____ DEPUTY
```

V.

CIVIL ACTION NUMBER: 5:06cv 83 DCB-JCS
(to be completed by the Court)

Chaplain Jones
Warden Dolan Waller

_____

_____

(Enter above the full name of the defendant or defendants in this action)

### OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING:**
**The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.**

A.    Have you ever filed any other lawsuits in a court of the United States?                Yes (   )  No ( X )

B.    If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

1.    Parties to the action: _____

_____

_____

2.    Court (if federal court, name the district; if state court, name the county): _____

_____

3.    Docket Number: _____

4.    Name of judge to whom case was assigned: _____

5.    Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?): _____

_____

1

## Parties

I. Name of plaintiff: <u>Chad Spiers</u>    Prisoner Number: <u>R2904</u>

Address: <u>WCCF P.O. Box 1079</u>
<u>2999 U.S. HWY 61 N</u>
<u>Woodville, MS 39669</u>

II. Defendant: <u>Chaplain Jones</u>    is employed as
<u>Chaplain of Religious Dept</u> at <u>Wilkinson County Correctional</u>
<u>Facility.</u>

<u>Plaintiff(s)</u>
Name:
<u>Chad Spiers #R2904</u>

Address:
<u>WCCF, PO Box 1079, 2999 U.S. HWY 61 North,</u>
<u>Woodville, MS 39669</u>

<u>Defendant(s)</u>
Name:
<u>Chaplain Jones</u>

<u>Warden Dolan Waller</u>

Address:
<u>WCCF, PO Box 1079, 2999 U.S. HWY 61 North</u>
<u>Woodville, MS 39669</u>
<u>WCCF, PO Box 1079, 2999 U.S. HWY 61 North</u>
<u>Woodville, MS 39669</u>

②

## ADMINISTRATIVE REMEDIES PROGRAM

A.    At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

Yes ( X )    No (    )

B.    Are you presently incarcerated for a parole or probation violation?

Yes (    )    No ( X )

C.    Did you present the facts relating to your complaint in the administrative or grievance procedure in your institution?

Yes ( X )    No (    )

1.    If you answer to C is yes,

   a.    State the date your claims were presented:  3-16-2006

   b.    State how your claims were presented. (Written request, verbal request, request for forms)

   Written, Verbal, & Administrative Remedy Program

   c.    State the result of that procedure. (You must attach a copy of the final result, such as a certificate from the administrator of the Administrative Remedies Program stating that you have exhausted your administrative remedies.)

   Request for any further relief is hereby denied.

2.    If you have not filed a grievance, state the reasons:

3

III.

# United States District Court
## for The Southern District of Mississippi

Chad Spiers,
  -Plaintiff-

- Against -                                    -COMPLAINT-

Chaplain Jones
       And
Warden Dolan Waller
         -Defendants-

## -Preliminary Statement-

(1) Plaintiff, Chad Spiers #R2904 is a state prisoner incarcerated in Wilkinson County Correctional Facility. He is alleging that Chaplin Jones and Warden Dolan Waller have violated his First Amendment right to the freedom of religion, his Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act 42 U.S.C.S. §§2000cc.

IV.                        <u>Parties</u>

(2) The plaintiff, Chad Spiers #R2904, was incarcerated at (W.C.C.F.) Wilkinson County Correctional Facility during the events described in this complaint.

(3) Defendant, Chaplain Jones is the Chaplain over the religious department at W.C.C.F.. He is sued in his individual and official capacities.

(4) Defendant, Dolan Waller is the Warden at W.C.C.F. He is sued in his individual and official capacities.

V.                        <u>Facts</u>

(5) Plaintiff, Chad Spiers is a member of the Wiccan Religion. Wicca is a Pagan, nature based religion that honors both a God and a Goddess.

(6) Plaintiff arrived at W.C.C.F. on October 3, 2005. During the months of November and December of 2005 the plaintiff sent two (2) written requests to Chaplain Jones requesting to purchase religious ritual supplies from an outside source and also to be recognized as a Wiccan inmate. Chaplain Jones failed to answer either request.

(7) In December of 2005 the plaintiff sent a written request to defendant, Warden Dolan Waller requesting permission to

purchase religious ritual supplies from an outside source and be recognized as a Wiccan inmate. Defendant Waller failed to answer the request.

(8) On December 20, 2005 defendant Jones came to the plaintiffs housing unit with Christian Volunteers. Plaintiff asked Chaplain Jones about purchasing religious ritual supplies from an outside source. Defendant Jones asked the plaintiff if he had 'outside' affiliation with the Wiccan Religion. Plaintiff Spiers replied "yes" and provided defendant Jones with proof. The plaintiff further explained to defendant Jones that he filled out a change of religion form in either June or July of 2005 while at South Mississippi Correctional Institution Area One. Defendant Jones told the plaintiff that he would check into it and get back to him. When no response came back from defendant Jones, the plaintiff sent in another written request. The plaintiff repeated his original request and also told the defendant that if the Chaplain at S.M.C.I.-1 did not do the paperwork for the change of religion then, he, the plaintiff was at this time requesting a change of religion form. Defendant Jones failed to answer this request.

(9) On Jan. 22, 2006 the plaintiff filed a grievance to the Administrative Remedy Program. (See Exhibit A)

(10) On March 21, 2006 the plaintiff recieved a response to his grievance from defendant Warden Dolan Waller. (See Ex. B) Warden Dolan Waller did not give a clear response to the plaintiff's grievance or address all of his issues.

(11) On March 22, 2006 the plaintiff sent in his Third Step Response form to the Commissioner of M.D.O.C., Christopher Epps. (See Ex. C)

(12) On May 2, 2006 the plaintiff recieved his Third Step ARP from Com. Christopher Epps. (See Ex. D)

(13) Com. Christopher Epps told the plaintiff that an appropriate resolution to the matter would be for the plaintiff to provide defendant Jones with a listing of religious ritual items related to his religious faith. Com. Christopher Epps said that if authorization is achieved the items could be purchased.

(14) On May 2, 2006 the plaintiff sent a letter and a list of religious ritual items for approval by defendant Jones. The plaintiff gave defendant Jones fourteen (14) days to reply. Defendant Jones did not respond to this letter. (See Ex. E for the list of religious ritual items)

## VI                Denial of Equal Protection

(15) There are no services or programs for Wiccan or Pagan inmates at W.C.C.F.

(16) Christian and Muslim inmates have programs and services that they are allowed to attend.

(17) Muslim inmates are allowed to purchase religious items

from an outside source and prayer caps from the inmate
canteen.

VII.                          Claims for Relief

(18) The failure of defendants Jones and Waller to acknowledge the
plaintiffs repeated requests and grievances to purchase religious
ritual supplies and be recognized as a Wiccan inmate is in
violation of the free exercise clause of the First Amendment
to the United States Constitution.

(19) The actions of defendants Jones and Waller in recognizing
members of "Mainstream" religions (Christianity and Islam) and
letting them attend services and purchase religious items from
outside sources, but not recognizing members of "Non-Mainstream"
religions (Wicca and Paganism) is a violation of Equal Protection
of the Law which is protected by the Fourteenth Amendment
to the United States Constitution.

(20) By defendants Jones and Waller placing substantial burdens
on the plaintiff and his religious practices they are
violating the Religious Land Use and Institutionalized
Persons Act of 2000.

VIII                          Relief Requested

(21) WHEREFORE, Plaintiff requests that the court grant the
following relief:
    A. Issue a declaratory judgement stating that:
       ① The failure of defendants Jones and Waller to recognize

⑧

the plaintiff as a member of the Wiccan Religion an allow him to purchase religious ritual items that are important to his faith violated the plaintiffs rights under the First Amendment to the United States Constitution.

② The actions of defendants Jones and Waller in recognizing the Members of "Mainstream" religions and allowing them to have services along with purchasing religious supplies from outside sources while refusing to acknowledge the plaintiff and his religion is a denial of equal protection in violation of the Fourteenth Amendment to the United States Constitution.

③ That the substantial burden placed on the plaintiff, by defendants Jones and Waller, in not allowing him to practice his religion in the proper manner is a violation of the Religious Land Use and Institutionalized Persons Act of 2000.

    B. Issue an injunction ordering Defendants Jones, Waller or their agents to:
      ① Immediately recognize the plaintiff as a member of the Wiccan Religion.
      ② Arrange for a Wiccan or Pagan Program to be started.

      ③ Allow the plaintiff to purchase approved religious supplies from an outside source.

⑨

C. Award Compensatory damages in the following
   amount:
   ① All court Costs that the plaintiff has
      spent on this case

D. Award Nominal damages in the following
   amount:
   ① $1.00 each from defendants Jones and
      Waller.

E. Grant such other relief as it may appear
   the plaintiff is entitled.


Date: 5/19/06

Respectfully Submitted,

Chad Spiers
Plaintiff


I declare under the penalty of perjury that the
foregoing is true and correct.

Date: 5/19/06

Chad Spiers
Plaintiff

EX. A (1)

— This is a Request for Administrative Remedy —

To: ARP Program
From: Chad Spiers # R2904
Re: Administrative Remedy
Date: 1-22-06

Comes now, Chad Spiers # R2904, and files this action in good faith and character and not to disrupt the orderly running of this institution.

Please take notice that in lieu of submitting a formal request under the Administrative Remedy Program (ARP), pursuant to title 42 U.S. Code § 1997e and M.C.A. §§ 47-5-801 et. Seq (Supp. 1994). I hereby request that you assist me ~~with~~ in resolving my complaint, as set forth below.

- Facts -

Complainant, Chad Spiers # R2904 is a member of the Wiccan Religion. Wicca is a Pagan, Nature Based Religion that honors both a God and a Goddess. It is a religion that is recognized in the United States and also in prisons throughout the United States.

Complainant, Chad Spiers # R2904, arrived at W.C.C.F. on October 3, 2005. Between November and December 2005, complainant sent two (2) requests to Chaplain Jones requesting to purchase religious ritual supplies from an

outside source. Chaplain Jones has failed to answer either request.

In December 2005, Complainant sent a request to Warden Waller requesting the same thing (i.e. the purchase of religious ritual items from an outside source). Warden Waller failed to respond to Complainants request.

On December 20, 2005, Chaplain Jones came to W-Pod with Christian Volunteers to pass out Christmas items. Complainant spoke to with Chaplain Jones his request. Chaplain Jones asked Complainant if he had "outside" affiliation with the Wiccan Religion. Complainant replied "yes" and provided Chaplain Jones with proof. Complainant further explained to Chaplain Jones that he filled out a change of religion form in either June or July of 2005 while at S.M.C.I-1. Chaplain Jones told Complainant that he would "Check into it" and get back to him. When no response came back from Chaplain Jones, Complainant sent in another request and also told Chaplain Jones that if for some reason Chaplain Rice at SMCI-1 did not do the paperwork for the Change of Religion, the Complainant was at this time requesting a change of religion form. Chaplain Jones has also failed to respond to this request.

Ex. A (a)

The Complainant also claims that he is being discriminated against. He claims that Muslim inmates are able to recieve Islamic Supplies through an outside source, and they are also able to purchase prayer caps off canteen.

Complainant claims that there is no Wicca Program at W.C.C.F., and absolutely no services for a Wiccan or Pagan inmate.

Complainant further claims that since he has been at W.C.C.F. Christian volunteers have come into W-Pod and held a Christian Service in the dayroom of the pod.

## Violations

Complainant claims that Chaplain Jones and Warden Walter are in violation of the First Amendment of the United States Constitution, for prohibiting the free exercise of Complainants religion.

Complainant also claims that Chaplain Jones and Warden Walter are in violation of the Fourteenth Amendment of the United States Constitution, for denying Complainant equal protection of the law and for denying due process.

Complainant further claims that Chaplain Jones and Warden Walter are in violation of the Religious Land Use and Institutionalized Persons Act of 2000

for imposing a substantial burden on his religious exercise, while it's not in furtherance of a compelling governmental interest and is definitely not in the least restrictive means.

<u>Arguements</u>

The First Amendment to the United States Constitution states: "Congress shall make no law respecting an establishment of religion, or <u>prohibiting the free exercise</u> thereof..."

Chaplain Jones and Warden Walter are violating the "free exercise clause" of the first amendment. By them failing to acknowledge Complainants repeated requests to purchase religious supplies through an outside source they are "prohibiting the free ~~exercise~~ exercise thereof" of Complainants religion. Chaplain Jones and Warden Waller are creating a substantial burden of Complainants free exercise.

In <u>Thomas V. Review Bd. of the Indiana Empl. Sec. Div., 450 U.S. 707, 717-18, 67 L. Ed. 2d 624, 101 S. Ct. 1425</u>, the Court defines a substantial burden as "where the state...denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on a adherant to modify his behavior and to violate his beliefs. While the compulsion may be indirect, the infringement upon free exercise is substantial."

EX. A (5)

In *Marria V. Broaddus* 2003 U.S. Dist. LEXIS 13329 the Federal court stated, "Despite markedly different conceptions of "the divine" from most Americans, heterodox groups like Rastifarians, Wiccans, and Hare Krishnas have all been afforded free exercise protection."

The 14th Amendment of the United States Constitution states: "... nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within it's jurisdiction the equal protection of the laws."

W.C.C.F. allows Muslim inmates to recieve religious supplies and also sells Prayer Caps to them on the Canteen. W.C.C.F. has a completely "Faith Based" Pod for religious offenders. Complainant claims that by Chaplain Jones and Warden Walker failing to answer his requests for the same rights that members of "Mainstream" religions are afforded they are violating his due process and equal protection under federal law.

The Religious Land Use and Institutionalized Persons Act 42 USCS § 2000cc provides "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution... even if the burden results from a rule of general applicability, unless the government demonstrates

that imposition of the burden on that person —
(1) is in furtherance of a compelling governmental
interest; and
(2) is the least restrictive means of furthering that
compelling governmental interest."

Complainant claims that a substantial burden
is being placed upon him by Chaplain Jones and
Warden Waller, and even if there is a "Compelling
governmental interest" to deny him his religious
rights he is still being violated because they are
not using" the least restrictive means of furthering
that compelling governmental interest." In so doing
Chaplain Jones and Warden Waller are Violating
the Religious Land Use and Institutionalized Persons
Act of 2000.

Please see Cutter V. Wilkinson 2005. This
Case ruled that the RLUIPA was not unconstitutional.
The plaintiffs in the case were members of "Non-Mainstream"
religions, Wicca included.

### Requested Actions

Complainant requests that he not be harassed
or retaliated against because of this action or
the civil suit that may result from this action.

Complainant requests that he be able to purchase
approved religious items from an outside source

Ex. A (4)

Complainant requests that the discrimination against him stops immediately and that he is treated on equal terms as those of "mainstream" religions.

Complainant requests that W.C.C.F. start following the state and federal laws, and the Religious Land Use and Institutionalized Persons Act of 2000.

This action has been filed in the name of Truth and Justice.

Signed this 22nd day of Jan 2006.

Chad Spiers #R2904
WCCF - W-Pod
PO Box 1079
Woodville, MS 39669

EX. B

FORM ARP-3



# MISSISSIPPI DEPARTMENT OF CORRECTIONS

NUMBER _WCCF 06 - 104_

## SECOND STEP RESPONSE FORM
### (SUPERINTENDENT)

Type or use ball point pen. You must respond to the offender within 25 days of receipt of the offender's request

TO: _Chad Spiers # R29 04_                    _WCCF_

       Offender's Name and Number                  Housing Unit

FROM: _Dolan Waller_                    _WCCF_

       Superintendent                       Institution

In response to your ARP claim in reference to receiving religious items from outside sources. I have investigated your claim. Information I have gathered reveals that all inmates may receive religious literature appropriate to their faith, which is not derogatory toward other racial or religious faith groups and is approved through the Religious Programs Chaplain. I consider this matter resolved at this level.

_3-16-06_                    _D. Waller_

       Date                     Superintendent's Signature

If you are not satisfied with this response, you may go to STEP 3 by filling out the third step section of ARP-1 and sending the light yellow copies of ARP-1, ARP-2, AND ARP-3 to the Commissioner, Mississippi Department of Corrections. These forms must reach his office within 5 days of the date of this response.

**INSTRUCTIONS TO SUPERINTENDENT:**  Send original and STEP 3 copy to the inmate. Keep Superintendent's Copy.

**INSTRUCTIONS TO OFFENDER:**  This original is for you to keep.

**OFFENDER'S ORIGINAL**

EX. C
1300
(P)

**FORM ARP-1**

## MISSISSIPPI DEPARTMENT OF CORRECTIONS

NUMBER _WCCF – 06 – 104_.

## OFFENDER'S RELIEF REQUEST FORM

Type or use ball-point pen.

TO: _Accepted at 2nd Step_                    _WCCF_
        First Step Respondent                              Location

FROM: _Chad Spiers # R 2904_              _WCCF_
            Offender's Name and Number            Housing Unit

_____
                Date of Incident

☑ ACCEPTED. This request comes to you from the Legal Claims Adjudicator. See the attached request from the
    offender. Please return your response to this office within 10 days of this date.

☐ REJECTED. Your request has been rejected for the following reason(s):

_2/24/06_                              _____
    Date                                        Legal Claims Adjudicator

**SECOND STEP** (Pink Copies)
    On _3-21-06_ (date), I received a written response to my First Step request. I am not satis-
    fied with this response because _My requested actions were not_
_met. Absolutely NO relief was given. I have enclosed_
_original complaint and an updated statement._

_____

    Therefore, I am commencing the Second Step by sending the pink copy of this form (ARP-1), the pink copy of
    the First Step response (ARP-2), to the Superintendent. This request must reach the Superintendent's office
    within 5 days of my receiving the First Step response.
_3-21-06_                              _Chad E. Spiers_
    Date                                        Signature

**THIRD STEP** (Light Yellow Copies)
    On _____ (date), I received a written response to my Second Step request. I am not
    satisfied with this response because _____

_____

    I am commencing the Third Step by sending the light yellow copy of this form and the light yellow copies of
    my First and Second responses, to the Commissioner. This request must be sent within 5 days of my receiving
    the Second Step response.

_____          _____
        Date                                        Signature

**INSTRUCTIONS TO OFFENDER:** This original is for you to keep.

**OFFENDER'S ORIGINAL**

EX, D

FORM ARP-4

## MISSISSIPPI DEPARTMENT OF CORRECTIONS

NUMBER <u>WCCF</u> – <u>06</u> – <u>104</u>

# THIRD STEP RESPONSE FORM
### (COMMISSIONER)

You must respond to the OFFENDER within 40 days of receipt of the appeal of the STEP 2 Response.

TO: <u>CHAD SPIERS, #R2904</u>                          <u>WCCF</u>

      Offender's Name and Number                    Housing Unit

The staff of the Administrative Remedy Program has received and investigated your grievance and the following determination has been made:

An appropriate resolution of this matter would be for you to provide to the unit chaplain a listing of religious ritual items related to your religious faith which you are seeking to purchase from outside sources.

The list can then be validated by the Chaplains' Department. If authorization is achieved, the items could be purchased.

Therefore, based upon the facts outlined above, your request for further relief is hereby denied.

<u>4/21/06</u>                          <u>Christopher B Epps</u>
    Date                                    Signature

**INSTRUCTIONS TO OFFENDER:** This original is for you to keep.

**IF YOU ARE NOT SATISFIED WITH THIS RESPONSE, YOU MAY WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS DECISION, SEEK JUDICIAL REVIEW.**

**OFFENDERS ORIGINAL**

Ex. E

— List of Religious Ritual Items —

1) One Book of Shadows or Journal
2) An Altar Cloth/Prayer/Meditation Rug
3) One Amulet, 2" max
4) A Bowl or Shell, 3" max
5) A Chalice, 6" high max
6) Small Incense Burner
7) One Pentacle Medallion and Chain
8) Small Mortar and Pestle
9) Ritual Purification Herbs
10) Several Small Bottles of Essential Oils
11) Rune Cards or Tiles
12) Cone or Stick Incense
13) One Tarot Deck
14) Black Salt
15) One Crystal 1" Diameter
16) Statues of God and Goddess, one each
17) Smudging Censor

Ex. F-1

United States District Court

Southern District of Mississippi

State of Mississippi:

County of Wilkinson    } Declaration

    I swear that the following statement, a statement of fact, is true within my personal knowledge:

    The plaintiff in this case, Chad Spiers, is a member of the Wiccan religion. Wicca, is a nationally recognized nature based religion that honors both a Goddess and God.

    The plaintiff has written letters to both chaplain Jones and Warden Waller concerning receiving religious ritual supplies through an outside source, and all requests have gone unanswered. They will not even come to talk to him. I too, am wiccan, and am having the same problem. I am currently in the process of completing the state Administrative Remedy Program. I was transfered to W.C.C.F. from the Talahatchie Correctional facility in Tutwiler, Ms. They are both C.C.A. facilities. However, unlike in Tutwiler, Wilkinson county does not have any programs geared toward Wiccan inmates. Tutwiler allows Wiccans to purchase prayer/altar cloths, oils, incenses, and many other key ritual items. Since both facilities are run by the same company, C.C.A., it is obvious that the religiousdepartment, headed by chaplain Jones is prejudice toward a religion that doesn't conform with his personal beliefs.

PAGE (1)

We are supposed to be afforded the same rights as other "Mainstream" religions. Muslim inmates here at W.C.C.F. are allowed to purchase prayer rugs, oils, and even by prayer caps off the canteen. Wiccan inmates however, can't even get the chaplain, chaplain Jones to even reply to requests or come to the pod and speak with us. There is a small community of wiccan inmates here, and we all experience the same problem.

Sworn under the penalty of Perjury,
This the 20th day of May, 2006.

Signature of Affiant,

R. G R

Rodney Porter # L3775
P.o. box 1079
2999 us hwy 61 N.
Woodville, Ms 39669

Ex. C

# CERTIFICATE

RE: ARP# *WCF 06-104*    CLASS: *Religious Practice*

*Inmate alleges he has been denied the privilege of receiving for receiving religious literature —*

This document is to certify that Inmate *Chad Spiers*

MSP#_____*R 2904*_____ has fulfilled the requirements of the Administrative

Remedy Program and is eligible to seek judicial review within 30 days of receipt of the

Third Step Response.

    A copy of the Third Step Response Form must be attached to this certificate in

order to file in either State of Federal Court.

This, the ____*21st*____ day of ____*April*____, 2006.

_____
Glenn Spann, Administrator
Administrative Remedy Program

_____      *5-2-06*
Inmate's Signature            Date Received

Revised 10/01/05